16013.  MERCHANTS & MECHANICS BANK *v.* BEARD, sheriff, *et al.*
16014.  MASSILLON ALUMINUM CO. *v.* NEEDHAM *et al.*

JENKINS, P. J.  A bill of sale of a stock of merchandise changing in specifics was made in May, 1922, to secure a debt, and was filed for record at 10:35 o'clock a. m. on February 9, 1924, and was actually recorded on February 11, 1924.  After the date of the bill of sale fifteen common-law executions were obtained against the maker, of which four (instead of one as erroneously stated to be the case in the questions certified to the Supreme Court), to wit, those of Demorest Broom Works, Solar Electric Company, Classic Maid Company, and Pathé Phonograph & Radio Corporation, were recorded within ten days from the date of the rendition of the judgments on which they were based, on said February 9, 1924; three more of these executions, to wit, those of Elam Paper Company, Schlanger & Mandal, and Butler Brothers, based on judgments rendered prior to January 30, 1924, were entered on the execution docket on February 9, 1924, prior to 10:35 o'clock a. m. Later on the same day five more of the said executions, based on judgments more than ten days old, to wit, those of E. A. Kaestner, Buckeye Aluminum Company, Phillips & Buttorff Manufacturing Company, Durr Drug Company, and Frank Tea & Spice Company, were entered on the execution docket.  The three remaining executions referred to above, all based on judgments rendered prior to January 30, 1924, one of which antedated in time of rendition all the other executions, were never recorded at all. On February 13, 1924, a distress warrant for rent was levied on the stock of goods covered by the bill of sale, and the money arising from the sale under the distress warrant was distributed by a money-rule judgment, under which proceeding the fund was claimed by all the liens referred to above, the court holding that the twelve executions entered on the execution docket prior to the actual record of the bill of sale should be first paid, and that the remainder of the fund should then be applied in part payment of the debt secured by the bill of sale.  The holder of the bill of sale and the holder of the oldest unrecorded fi. fa. excepted.  *Held:*

1. Under the answers given by the Supreme Court to the questions certified to it in this case (162 *Ga.* 446, 134 S. E. 107), the fi. fas. of Demorest Broom Works, Solar Electric Company, Classic Maid Company, and Pathé Phonograph & Radio Corporation, having been recorded on February 9,

1924, within ten days from the date on which the judgments were rendered, with the result that the lien relates back to the date of the judgments, take precedence over the bill of sale executed in 1922 and filed for record on February 9, 1924, and rank first in the distribution of the fund.

2. Under the answers given by the Supreme Court to the questions certified to it, the fi. fas. of Elam Paper Company, Schlanger & Mandal, and Butler Brothers, although founded on judgments rendered more than ten days prior to their record, having been actually entered upon the execution docket prior to 10:35 o'clock a. m., February 9, 1924, are inferior in dignity to the four fi. fas. mentioned above, but superior in dignity to the said bill of sale.

3. Under the answers given by the Supreme Court to the questions certified to it, the bill of sale executed in 1922, but filed for record at 10:35 o'clock a. m. on February 9, 1924, is superior in dignity to the fi. fas. of E. A. Kaestner, Buckeye Aluminum Company, Phillips & Buttorff Manufacturing Company, Durr Drug Company and Frank Tea & Spice Company, which were founded on judgments rendered more than ten days prior to February 9, 1924, and were actually entered upon the execution docket on February 9, 1924, but after 10:35 o'clock a. m., and is also superior to the unrecorded fi. fas. of Sanitary Products Corporation of America, Charles Parker Company, and Massillon Aluminum Company, although the last mentioned fi. fa. was founded upon the oldest judgment of all.

4. It appearing that after the satisfaction of the seven fi. fas. first mentioned the bill of sale will much more than take up any fund remaining, it is unnecessary to deal with the priorities of the fi. fas. not sharing in the fund.

5. The court having properly held that the fi. fas. mentioned in paragraphs 1 and 2 should be paid out of the fund, but having erred in holding that the other recorded fi. fas., mentioned in paragraph 3, should join with them in such priority over the bill of sale, it is ordered that the judgment in the case of *Merchants & Mechanics Bank* v. *Beard*, sheriff (No. 16013), in which case the holder of the bill of sale is plaintiff in error, be affirmed, with direction that it be amended in accordance with the rule of priorities stated above; that the costs in that case be borne by the defendants in error who do not participate in the distribution of the fund under this decision; that the judgment in the case of *Massillon Aluminum Co.* v. *Needham* et al. (No. 16014), in which case the holder of one of the unrecorded fi. fas. is plaintiff in error, be affirmed, with direction that it be amended to conform in its entirety with the rule of distribution stated above, and that the costs in the latter case, in which no relief is obtained by the plaintiff in error, be charged against it.

*Judgments affirmed, with direction. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 15, 1926.

Money rule; from Muscogee superior court—Judge Munro. October 20, 1924.

*Hatcher & Hatcher, Arnold & Battle,* for plaintiffs in error.

*Slade & Swift, Love & Fort,* contra.